■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD OLIVER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered July 18, 1980, convicting him of burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence as a persistent felony offender. Judgment affirmed. After the jury found defendant guilty of, *inter alia,* burglary in the third degree, a hearing was held to determine whether he should be sentenced as a persistent felony offender. At the hearing defendant argued that his past conduct was nonviolent, that the instant offense was not a serious crime, and that the People had initially offered defendant a lenient sentence in exchange for a guilty plea to a lesser crime. In opposition to defendant's contentions the People introduced written statements of the defendant and of the victims of prior crimes committed by him evidencing his propensity towards violence. The probation report revealed that defendant had become involved in criminal acts at a youthful age and that since 1957 he had spent most of his life incarcerated. In fact, his criminal activity was virtually uninterrupted but for such periods of imprisonment, and defendant was released on parole only 17 days prior to his commission of the instant offenses. Upon sentencing, the court

imposed, *inter alia,* an indeterminate sentence with a minimum term of 15 years and a maximum term of life, which sentence was to run consecutively with the more than six years remaining upon the parole violation. The procedure for determining whether defendant should be sentenced as a persistent felony offender requires both a hearing and a two-pronged analysis by the court to determine whether or not the defendant should be subjected to increased punishment as a persistent felony offender (CPL 400.20, subd 1). Initially, the court must determine whether the defendant is a persistent felony offender as defined in subdivision 1 of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20, subd 1, par [b]). It is established that the persistent felony offender statute is facially constitutional (*People v Suarez,* 55 AD2d 963; *People v Rosello,* 97 Misc 2d 963, 969-971; cf. *United States v Warme,* 572 F2d 57, cert den 435 US 1011). It likewise has been demonstrated that defendant in this matter was afforded a proper hearing in conformity with CPL 400.20 (cf. *Specht v Patterson,* 386 US 605; *People v Washington,* 96 AD2d 996; *People v Wilson,* 64 AD2d 782), was afforded the opportunity to controvert any evidence that was offered by the People to show that he was in need of lifetime supervision, and further was afforded the right to present any mitigating factors so as to avoid the imposition of the harsher legal sanctions. Defendant further argues that he was denied his right to confront witnesses by the court allowing written statements by prior victims to be admitted into evidence without such witnesses being called upon by the People to testify. We note, however, that not only did defendant have the opportunity to cross-examine some of these witnesses at his trial, but, further, that he was not prevented from calling such witnesses to testify at the persistent felony offender hearing. CPL 400.20 (subd 5) further allows consideration of any relevant evidence, including hearsay evidence, in all "[m]atters pertaining to the defendant's history and character and the nature and circumstances of his criminal conduct". There is little doubt that without the use of hearsay evidence at such a hearing the practical effect would be to render these provisions ineffective. We determine that the use of such evidence is not a denial of confrontation and does not violate defendant's substantive or procedural due process rights. "Exclusion of the evidence would harm the sentencing process. 'The purpose of the [persistent felony offender] statute is to allow the court to use a sentence that includes extended incarceration and lifetime supervision for persons who persist in committing serious crimes after having been subjected to repeated terms of imprisonment' (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.10, p 220). A Judge has the responsibility to protect society from dangerous individuals as well as a responsibility to the defendant to deal with him fairly and justly. In order to fulfill both duties, a sentencing court must be provided with all relevant information that exists. To exclude evidence that is otherwise reliable and accurate would seriously impair the judicial process" (*People v Wright,* 104 Misc 2d 911, 925; see, also, *Hollis v Smith,* 571 F2d 685). Defendant further contends that he did not receive adequate notice of the persistent felony offender proceeding as provided in CPL 400.20 (subd 3). We determine that defendant was afforded such notice of not only the crimes that the court would consider at such hearing, but the factors pertinent in evaluating defendant's background. Such notice was contained in an affirmation of the prosecutor which included as an exhibit an official report enumerating defendant's prior criminal activity. Further, the court annexed this affirmation to

its decision, which included the exhibit detailing defendant's prior criminal conduct. The statute does not require that the court in its findings detail defendant's criminal record, although the court must consider that factor in making its decision. The fact that the court annexed the prosecutor's documentation to its decision clearly indicates that the court considered defendant's prior record as well as all relevant evidence as required by statute (CPL 400.20, subds 5, 9). Further, the mere fact that the People offered defendant what he describes as a minimal term of incarceration if he were to plead to a lesser degree of the crimes charged, is not relevant to the issue of whether defendant is to be treated as a persistent felony offender. This is particularly so in view of the fact that no sentence offered could be considered minimal since defendant still faced more than six and one-half years' incarceration on a parole violation. Finally, the defendant states that the standards promulgated by statute provide no constraints against the arbitrary and capricious imposition of a life sentence. Within the limitations of the statute, the sentencing court must make a determination as to how many prior felony convictions the defendant has and then must exercise judicial discretion to impose lifetime supervision should the need be demonstrated. Such exercise of discretion will not be disturbed absent abuse and the standards applicable in such situations must be flexible and applied on a case-by-case basis. To impose a more rigid standard would serve to inhibit the individualized sentencing for which this statute is designed (see *Williams v New York,* 337 US 241, 247-248, reh den 337 US 961, reh den 338 US 841). We agree that defendant's conduct in this case evinced no realistic promise of rehabilitation and that he cannot "live in the community without bothering other people or without being a menace". We have considered defendant's other arguments and find them to be without merit. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.