OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted by a trial jury of burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property in the third degree. After the verdict was rendered, a hearing was held pursuant to CPL 400.20 to determine if he should be sentenced as a persistent felony offender. At the conclusion of the hearing the court determined that defendant was a persistent felony offender and sentenced him to various concurrent indeterminate terms of imprisonment, the longest of which had a minimum term of 15 years and a maximum term of life. On appeal defendant challenges the constitutionality of CPL 400.20 and of the manner in which the hearing was held and he also contends the sentence was excessive and based upon incompetent evidence.
 

 Insofar as defendant challenges the constitutionality of CPL 400.20 and the manner in which he was determined to be a persistent felony offender, he has forfeited the objections now raised. He participated fully in the hearing
 
 *975
 
 with the aid of counsel and without asserting those objections before the trial court. Having failed to do so, he may not challenge the constitutionality of the statute or the proceeding for the first time on appeal
 
 (People v McGowen,
 
 42 NY2d 905;
 
 People v Drummond,
 
 40 NY2d 990). The rule applied here differs from that applied in
 
 People v Morse
 
 (62 NY2d 205, 214, n 2) and similar cases in which we held that no objection was necessary in the trial court to preserve the issue on appeal because the court had exceeded its sentencing powers.
 

 Insofar as defendant contends that certain evidence was improperly received, the evidence was either not objected to at the hearing or the objections made were not sufficiently specific or correct to preserve the errors now asserted.
 

 Finally, we find no abuse of defendant’s due process rights because the prosecution sought an enhanced sentence after trial although before trial it had offered defendant a plea to a reduced charge (see
 
 Bordenkircher v Hayes,
 
 434 US 357).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed in a memorandum.