■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL MONTES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered April 19, 1982, convicting him of robbery in the first degree, grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by (1) vacating the sentence

imposed on all counts, and (2) reducing the conviction of grand larceny in the third degree to petit larceny. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10.

Following his conviction after trial of robbery in the first degree, grand larceny in the third degree and criminal possession of stolen property in the third degree, the defendant was sentenced as a persistent felony offender to 15 years to life imprisonment on each of the robbery and grand larceny counts and one year on the possession of stolen property count. The sentencing court failed, however, to set forth on the record the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest" (Penal Law § 70.10 [2]).

The trial court's failure to comply with Penal Law § 70.10 requires that the sentence be vacated. As this court has stated, the procedure for determining whether or not the defendant could be subjected to increased punishment as a persistent felony offender mandates a "two-pronged analysis" *(People v Oliver,* 96 AD2d 1104, 1106, *affd* 63 NY2d 973; *see,* CPL 400.20 [1]). The court must determine initially "whether the defendant is a persistent felony offender as defined in subdivision 1 of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it 'is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest' " *(People v Oliver, supra,* at p 1105). At bar, it is impossible to ascertain what conduct or circumstances the sentencing court relied upon in determining that the second prong of the required persistent offender analysis was satisfied. In light of the foregoing, the court's conclusory recitation at sentencing that it had read the defendant's probation report and his record of convictions is insufficient to comply with the command of Penal Law § 70.10 (2).

The record further discloses that the prosecution failed to present evidence at trial establishing that the property allegedly stolen exceeded an aggregate value of $250 at the time and place of the commission of the crime. The only evidence presented with respect to the value of the complainant's

watch was the complainant's trial testimony to the effect that he had purchased it a year prior to the commission of the crime for $90. Complainant further testified that he had purchased the gold chain stolen from him from a friend at work for about $150 two months prior to the robbery. Under these circumstances, the People did not present sufficient evidence from which the jury could infer that the market value of all the stolen property exceeded $250 (see, Penal Law § 155.30; *People v Jackson*, 111 AD2d 253; *People v Rota*, 111 AD2d 275). Accordingly, the defendant's conviction of grand larceny in the third degree cannot stand. However, the evidence adduced at trial is sufficient to establish the crime of petit larceny and we therefore reduce the defendant's conviction of grand larceny to petit larceny (cf. *People v Jackson*, 111 AD2d 253, 254, *supra*).

We conclude that there was sufficient evidence presented at trial from which the jury could infer that the defendant used or threatened the immediate use of a dangerous instrument and, therefore, the jury's determination as to the defendant's guilt of the crime of robbery in the first degree should not be disturbed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.