■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KNATZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 26, 1982, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of the killing of Charles Flynn on January 23, 1977, by stabbing. In 1980, this court reversed a prior judgment convicting the defendant of manslaughter in the first degree and arson in the second degree, upon a jury verdict, and ordered a new trial (see, People v Knatz, 76 AD2d 889).

Under consolidated indictments, the defendant was charged with murder in the second degree, arson in the second degree, and manslaughter in the first degree. On September 3, 1981, the defendant appeared pro se and requested that the court accept his waiver of his right to counsel and offered to plead guilty to attempted assault in the first degree in full satisfaction of the charges under the consolidated indictments in return for a promise to be sentenced to an indeterminate term of imprisonment of from 3 to 6 years. Due to the extensive procedural background of this case and other pending criminal charges against the defendant he had already been imprisoned for approximately four years.

Throughout the plea proceeding, the Assistant District Attorney and the Judge repeatedly pointed out to the defendant the disadvantages of pleading guilty in satisfaction of the charges in this case in view of pending unrelated charges against him concerning narcotics. They emphasized that by doing so he faced the imposition of consecutive sentences, because according to the Assistant District Attorney, a conviction on the drug charges appeared almost certain as the case against the defendant was very strong. Nevertheless, the defendant emphatically persisted in urging the court to accept his plea of guilty, which it ultimately did, after several off-the-record conferences and recesses, based upon the defendant's statements that he was guilty of stabbing Charles Flynn to death.

On October 1, 1981, the defendant appeared pro se for sentencing. At that time he did not raise any issue concerning the prior entry of his guilty plea, but requested that the court reduce the previously agreed-upon sentence of 3 to 6 years so that he might be eligible to be released from jail. The court,

however, imposed the sentence, as promised, of 3 to 6 years' imprisonment. Thereafter, due to an apparent clerical error, certain records indicated that the sentence imposed was for 2 to 6 years, which was also improper as the defendant was by his own admission a predicate felony offender. This error necessitated the holding of a resentencing proceeding on August 26, 1982, at which time the defendant was again sentenced to the term of 3 to 6 years' imprisonment.

Both prior and subsequent to resentencing, the defendant *pro se*, presented several applications to the trial court, all of which were denied, seeking, *inter alia,* his release from prison, a reduction of his bail, and the vacating of his judgment of conviction. Thereafter, his appellate counsel moved in this court for summary reversal of the judgment on the ground that the resentencing minutes, essential to the proper presentation of the direct appeal of this case, were lost by the court reporter and were thus unavailable. By order of this court dated March 13, 1985, the motion was denied. The defendant then moved *pro se* for reargument and by order of this court dated June 5, 1985, that application was also denied.

On this appeal, the defendant contends that the record fails to establish that the trial court undertook the searching inquiry necessary to support a determination that his decision to proceed *pro se* and enter a guilty plea was a competent, intelligent and voluntary relinquishment of his right to be represented by an attorney *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178; *People v Allen,* 39 NY2d 916). However, a careful and realistic reading of the record leads to the inexorable conclusion that the defendant's decision to proceed without the assistance of counsel and enter his guilty plea was clearly a voluntary and knowing one *(see, People v Vivenzio,* 62 NY2d 775; *People v Harris,* 61 NY2d 9; *People v Whitted,* 113 AD2d 454).

The defendant's decision to proceed *pro se* was made despite the repeated requests by the court and Assistant District Attorney that he reconsider this decision, and their warnings to him that by entering a guilty plea to the charges in this case, he was thereby exposing himself to the possibility of serving consecutive sentences for pending charges. The defendant had extensive prior exposure to the criminal justice system, having been arrested, according to the People, 44 times and spent 13 years in prison, and was sufficiently familiar and comfortable with proceeding *pro se* to make numerous applications to the court during his plea allocution and thereafter. These factors are directly relevant to our

determination that the defendant's decisions to waive his right to counsel and plead guilty were voluntary and intelligent choices made on his part *(see, People v McIntyre,* 36 NY2d 10; *People v Whitted, supra).* As stated by the Court of Appeals in the case of *People v Vivenzio (supra,* at 776), "[a] criminal defendant is entitled to be master of his own fate and 'respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice "with eyes open" ' " (quoting from *United States ex rel. Maldonado v Denno,* 348 F2d 12, 15).

We find the defendant's contentions concerning the unavailability of the resentencing minutes to be without merit.

Finally, we have reviewed the contentions presented by the defendant *pro se,* and also find them to be without merit. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.