■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL MONTES, Appellant.—Appeal by the defendant from an amended sentence of the Supreme Court, Kings County (Meyerson, J.), imposed July 2, 1986, on his conviction of robbery in the first degree, petit larceny and criminal possession of stolen property in the third degree, upon a jury verdict, finding him to be a persistent felony offender.

Ordered that the amended sentence is affirmed.

On a prior appeal by the defendant, this court found that the sentencing court (Bonomo, J.), which had originally adjudicated the defendant a persistent felony offender, had failed to set forth on the record the reasons why it was " 'of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest' " *(People v Montes,* 118 AD2d 812, 813, *lv denied* 68 NY2d 772). Specifically, the court's conclusory recitation at sentencing that it had read the defendant's probation report and his record of convictions was deemed insufficient to comply with the command of Penal Law § 70.10 (2). Accordingly, the matter was remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 and a hearing was conducted with respect to the issue of the defendant's status as a persistent felony offender.

Upon review of the record, we conclude that the resentencing court's conclusion that the defendant had been afforded every opportunity to be heard should not be disturbed. Inasmuch as the defendant's extensive criminal record and the vicious nature of the subject crime were clearly sufficient to support the court's adjudication of him as a persistent felony offender, remitting the matter for resentencing once again on the grounds asserted by the defendant would be pointless *(see, People v Bouyea,* 64 NY2d 1140, 1142; *People v Morse,* 62 NY2d 205, 225, *appeal dismissed sub nom. Vega v New York,* 469 US 1186; *People v Harris,* 61 NY2d 9, 20). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.