■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GAINES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered December 28, 1983, convicting him of burglary in the third degree, criminal mischief in the third degree (two counts), grand larceny in the third degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) vacating the sentence imposed on all counts, and (2) reducing the conviction of criminal mischief in the third degree as charged in the second count of the indictment to criminal mischief in the fourth degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for resentencing in compliance with Penal Law § 70.10.

At about 12:30 A.M. on October 20, 1982, off-duty Mount Vernon Police Officer Frank Schreiber was sitting in his living room talking with his wife and some friends when he heard the sound of breaking glass. He immediately ran onto the porch of his house and from there observed the defendant and an accomplice leaving the Jolly Chef Restaurant. The restau-

rant was located directly across the street from Schreiber's home and the glass front door thereof had been broken. Schreiber, pursuing the two men on foot, identified himself as a police officer and ordered the two to halt. The defendant then dropped a cash register which he had been carrying and stopped while the other suspect fled. Schreiber held the defendant at gunpoint until a police backup unit arrived.

Prior to trial, the defendant advised the court that he desired to appear *pro se.* A lengthy pretrial colloquy followed during which the court and the Assistant District Attorney repeatedly pointed out to the defendant the dangers and disadvantages of self-representation. He was repeatedly advised that he would be subject to various evidentiary and other constraints, and that his lay expectations as to the best choice of witnesses and defenses might be very shortsighted. In addition, he was reminded of the possibility of his being adjudicated a persistent felon upon conviction and of the possibility of his being sentenced to a term of imprisonment of from 15 years to life. Nevertheless, the defendant remained adamant in his desire to represent himself and emphatically persisted in urging the court to allow him to do so. The court ultimately relented and the case proceeded to trial, following which the defendant was found guilty of burglary in the third degree, two counts of criminal mischief in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree.

Thereafter the court, upon application of the Assistant District Attorney, directed that a hearing be held to determine whether the defendant should be sentenced as a persistent felony offender. At the hearing the defendant still insisted on self-representation despite being advised, once again, that he was entitled to the assistance of an attorney. At the conclusion of the hearing, the court found the defendant to be a persistent felon and sentenced him to a term of imprisonment of from 15 years to life.

On this appeal the defendant contends that the court failed to undertake the thorough inquiry necessary to support a determination that his decision to proceed *pro se* was based upon an intelligent and voluntary waiver of his right to be represented by counsel *(see, People v Sawyer,* 57 NY2d 12, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178; *People v McIntyre,* 36 NY2d 10). The record reveals, however, that the defendant's decision to proceed *pro se* was made after repeated and extensive questioning by both the court and the

Assistant District Attorney and despite repeated admonitions and reminders of the inherent dangers of self-representation. Moreover, the defendant had had extensive prior exposure to the criminal justice system and was sufficiently familiar with criminal procedure to have had been able to make numerous applications to the court both prior to and during trial. It is clear on this record that the dangers and disadvantages of the defendant's waiving his fundamental right to counsel had been impressed upon the defendant, and that his waiver of that right was a knowing and intelligent one *(see, People v Vivenzio,* 62 NY2d 775; *People v Sawyer, supra; People v Knatz,* 128 AD2d 896, *lv denied* 70 NY2d 713). The defendant's claim to the contrary is without merit.

We do, however, agree with the defendant that the court committed error in failing to comply with certain statutory requirements governing his being sentenced as a persistent felony offender. The sentencing court failed to set forth on the record the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest" (Penal Law § 70.10 [2]). The court's failure to do so requires that the sentence be vacated. As this court has noted, the procedure for determining whether or not a defendant may be subjected to increased punishment as a persistent felony offender mandates a " 'two-pronged analysis' " *(People v Montes,* 118 AD2d 812, 813, *lv denied* 68 NY2d 772; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973). The court must determine initially "whether the defendant is a persistent felony offender as defined in subdivision 1 of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it 'is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest' (CPL 400.20, subd 1, par [b])" *(People v Oliver, supra,* at 1105). The court's conclusory recitation at sentencing that it had reviewed the defendant's record was insufficient to fulfill the statute's mandate. It is impossible to determine what conduct or circumstances the sentencing court relied upon in determining that the second prong of the required persistent felony offender analysis was satisfied.

We also agree with the defendant's contention that the

prosecution failed to present sufficient evidence that the damage to the front door of the restaurant exceeded $250. The only evidence presented that the damage to the glass door exceeded that amount was the restaurant owner's testimony that the "approximate cost" of replacing the glass and fixing the door frame "and everything" was "approximately three hundred to three hundred twenty five dollars, the best I can recall". This testimony was not supported by any documentation or other proof that said amount represented the reasonable cost of such repairs. Under these circumstances, the evidence was not sufficient for the jury to infer that the damage to the door exceeded the required statutory amount of $250 *(see,* Penal Law § 145.05; *People v Montes, supra; People v James,* 111 AD2d 254, *affd* 67 NY2d 662). Accordingly, the defendant's conviction for criminal mischief in the third degree as charged in the second count of the indictment cannot stand. However, the evidence adduced at trial is sufficient to establish the crime of criminal mischief in the fourth degree and therefore we reduce the defendant's conviction of criminal mischief in the third degree as charged in the second count to criminal mischief in the fourth degree *(cf., People v Montes, supra).*

We have reviewed the defendant's remaining contentions, including those contained in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.