(June 28, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY W. YUNG, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 2, 1988, upon a verdict convicting defendant of the crimes of assault in the first degree and criminal possession of a weapon in the third degree.

The primary questions presented on this appeal are as follows. Initially, the question is whether County Court, in making its determination to sentence defendant as a persistent felony offender, impermissibly considered defendant's 1977 and 1979 statements to police admitting to the commission of over 30 prior burglaries (in addition to certain burglaries with which he was charged and for which he was convicted) without first conducting a *Huntley* hearing as to their admissibility and without giving sufficient prior notice to defendant that the statements would be used against him at the persistent felony offender hearing. Also at issue is whether the court impermissibly utilized the persistent felony offender procedure to effectively overrule the jury verdict so as to impose a more severe sentence consistent with its personal view of the trial evidence. Finally, defendant argues that the sentence imposed was unduly harsh and excessive. In our view, County Court committed no procedural or substantive errors in these matters. The judgment of conviction should therefore be affirmed in all respects.

Defendant was indicted by a Grand Jury charging him with attempted murder in the second degree, two counts of assault in the first degree and criminal possession of a weapon in the third degree. After trial, a jury found defendant guilty of assault in the first degree (as an intentional act) and criminal possession of a weapon in the third degree. County Court filed a persistent felony offender statement and held a preliminary hearing to determine if the statement would be controverted in any way. Defendant controverted that portion of the statement alleging that his "involvement in the instant crime established a high level of mental culpability, showing a total and complete disregard for the life of another human being, and that based on the history and character of the defendant and the nature and circumstances of his criminal conduct, extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest". An evidentiary hearing was then scheduled.

At the hearing, despite defendant's objection, County Court permitted the People to present the testimony of several police officers who had obtained statements from defendant in 1977 and 1979 which contained admissions relating to approximately 30 past residential and business burglaries in addition to those for which defendant was convicted. Defendant cross-examined the police officers as to the voluntariness of the statements and County Court indicated its willingness to grant an adjournment to permit additional cross-examination. However, defendant did not take this opportunity. County Court then determined defendant to be a persistent felony offender and sentenced him to an indeterminate term of imprisonment of 15 years to life on the assault conviction and of 2 to 4 years on the weapon possession charge. The sentences were to be served concurrently. This appeal ensued.

Defendant's contention that County Court "overruled" the verdict of the jury by sentencing defendant as a persistent felony offender because of its personal opinion that defendant was guilty of the attempted murder charge is not persuasive. The evidence at trial revealed that defendant fired several high velocity bullets into the passenger side of a van the victim was driving, shattering the window of the passenger door and the windshield. The victim eventually lost an eye as the result of this shooting. County Court believed that it was only fortuitous that the victim was not killed by defendant. However, persistent felony treatment was available to County Court independently of the attempted murder charge as defendant was convicted of a felony-grade offense. Defendant's

conviction for assault in the first degree gave County Court discretion to consider sentencing him as a persistent felony offender. Accordingly, we cannot conclude on this record that County Court invoked the persistent felony offender procedure to impose its personal verdict on defendant.

The decision of County Court to sentence defendant as a persistent felony offender is supported by the record. Defendant's past criminal history and continued criminal conduct supports County Court's implicit finding that defendant is not amenable to rehabilitation. After his first arrest, defendant was placed on probation. Shortly thereafter, defendant was again arrested, convicted of burglary as an adult and placed on probation. While on probation, defendant committed more burglaries and was convicted of another burglary for which he was given a prison sentence. Following a period of parole supervision, defendant was again arrested for a series of burglaries, convicted of burglary and once more sentenced to prison. Upon release from prison and parole supervision, defendant illegally purchased weapons, including the one he used in the assault in the instant case. In addition to defendant's past record, County Court also had the benefit of the trial testimony regarding defendant's violent behavior in the shooting of the victim. Defendant, by such conduct, revealed a pattern of putting his own self-interest ahead of that of society in violation of the laws enacted to protect the property and person of every citizen.

Defendant's argument, that a separate *Huntley* hearing should have been held on the admissibility of the 1977 and 1979 statements to determine their voluntariness and reliability before County Court could consider them for sentencing purposes, is without merit. CPL 400.20 (5) allows a sentencing court to consider any relevant evidence, including hearsay evidence, in "[m]atters pertaining to the defendant's history and character and the nature and circumstances of his criminal conduct", regardless of admissibility under the exclusionary rules of evidence *(see, People v Oliver,* 96 AD2d 1104, 1105, *affd* 63 NY2d 973; *see also, People v Estenson,* 101 AD2d 687).

In the instant case, County Court was within the proper exercise of its discretion in limiting cross-examination to issues of voluntariness of the statements *(see,* CPL 60.45 [2] [a], [b] [i]). The evidence at the hearing demonstrated that the statements in question were not obtained solely for sentencing purposes, and that they were reliable, voluntary and therefore properly admissible *(see, People v Oliver, supra; People v Wright,* 104 Misc 2d 911, 925).

Defendant's contention that he did not receive adequate notice that the People intended to offer evidence of the 30 uncharged burglaries at the sentencing hearing is also rejected. There is no statutory requirement to do so. The papers required under CPL 400.20 (3), giving information relating to a defendant's prior convictions, other factors in the defendant's background and prior criminal conduct which a court deems relevant for purposes of sentencing a defendant as a persistent felony offender, were filed in this case. After the 1977 and 1979 statements of defendant were introduced by the People as part of their proof, County Court indicated that it would grant defendant an adjournment and that it would allow additional cross-examination of the People's witnesses at a future date. No adjournment was requested by defendant. Defendant was thus afforded the opportunity to present mitigating evidence and rebut the allegations presented against him at the hearing.

Defendant's final argument requesting that the sentence imposed be modified on the ground that he was rehabilitated for a time between his last prison term and the instant crime for which he was convicted is not persuasive. As pointed out previously, there is sufficient evidence in the record to support County Court's conclusion that defendant is not amenable to rehabilitation and should be treated as a persistent felon. Defendant has not shown that County Court abused its discretion in imposing his sentence and this court will not therefore substitute its judgment for that of County Court (see, *People v Whalen,* 99 AD2d 883, 884-885; *People v Du Bray,* 76 AD2d 976, 977). The record reveals that County Court considered the relevant factors before imposing sentence in this case.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.