■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC WILLIAMS, Appellant. [599 NYS2d 848] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered February 8, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested as part of a so-called "buy and bust" operation. An undercover officer approached the defendant, who was standing with companions Earl Thorp and Fredrick Thorp, and asked the defendant if he was "working". The defendant replied "Yeah, how many do you want?" The undercover officer asked for "two" and handed the defendant $10 of prerecorded money. The defendant handed the money to Fredrick Thorp who then took two vials of crack cocaine from his jacket and gave it to the undercover officer. The $10 of prerecorded money was subsequently recovered from Fredrick Thorp. $262 was recovered from the defendant and 32 vials of crack were found hidden in a car tire in a vacant lot approximately 5 to 10 feet from where the defendant, Earl Thorp, and Fredrick Thorp were standing.

Viewing the evidence in a light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should be not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the comments made by the prosecutor during sentencing were appropriate. The sentencing court is permitted to consider any evidence relevant to the defendant's history and character in making a sentence determination *(see, Williams v New York,* 337 US 241; *People v Yung,* 162 AD2d 874; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973). The key to proper sentencing procedure is whether the defendant has been afforded an opportunity to refute the information before the court which may negatively influence the court's determination *(see, People v Perry,* 36 NY2d 114, 119; *People v Gregorio,* 110 Misc 2d 1058, 1059). Here, during the defendant's sentencing, the prosecutor made several comments regarding the defendant's character. The prosecutor asserted that the defendant had lied about his employment and social history and that he convinced his mother and friend to lie for him at trial. Defense counsel strongly objected to the prosecutor's characterizations and offered an opposing argument. The sentencing procedure was proper.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.