■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DELL'ORFANO, Appellant. [602 NYS2d 646] —Appeal by the defendant (1) from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 7, 1989, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated June 4, 1991, which denied his motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing in compliance with Penal Law § 70.10; and it is further,

Ordered that the order is affirmed.

Upon his conviction of robbery in the second degree, the defendant was found to be a persistent felony offender pursuant to Penal Law § 70.10 (1), and was sentenced, pursuant to Penal Law § 70.10 (2), to a term of imprisonment "authorized * * * for a class A-1 felony", i.e., an indeterminate term of 20 years to life imprisonment. However, before imposing sentence, the court was obliged to set forth on the record the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest" (Penal Law § 70.10 [2]). The court's failure to do so requires that the sentence be vacated and the defendant resentenced *(see, People v Montes,* 118 AD2d 812; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973; *see also,* CPL 400.20 [1]).

We have examined the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.