■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SMITH, Appellant. [649 NYS2d 444] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered January 17, 1995, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 (2).

Upon his conviction of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, the defendant was found to be a persistent felony offender pursuant to Penal Law § 70.10 (1).

The procedure for determining whether or not a defendant may be subjected to increased punishment as a persistent felony offender mandates a "two-pronged analysis" (*People v Gaines,* 136 AD2d 731, 733; *People v Montes,* 118 AD2d 812, 813; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973). The court must determine initially "whether the defendant is a persistent felony offender as defined in subdivision 1 of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it 'is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest' (CPL 400.20, subd 1, par [b])" (*People v Oliver, supra,* at 1105). Before imposing sentence, the court is obliged to set forth on the record the reasons why it found this second element present (Penal Law § 70.10 [2]; *People v Dell'Orfano,* 197 AD2d 587; *People v Gaines,* 136 AD2d 731, 733, *supra*; *People v Montes,* 118 AD2d 812, *supra*).

It is impossible to ascertain what conduct or circumstances the sentencing court relied upon in determining that the second prong of the persistent felony offender analysis was satisfied *(see, People v Gaines, supra; People v Montes, supra)*. The court's conclusory recitation at sentencing that it had reviewed the defendant's presentence report and criminal record was insufficient to fulfill the statute's mandate *(see, People v Gaines, supra; People v Montes, supra)*. As such, the sentence must be vacated and the matter remitted to the Supreme Court for resentencing in compliance with Penal Law § 70.10 (2) *(People v Dell'Orfano, supra; People v Gaines, supra; People v Montes, supra)*.

The defendant's remaining contentions, including those contained in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.