■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN ANDRE, Appellant. [649 NYS2d 212] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered June 29, 1994, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree, criminal sale of a controlled substance in the third degree and criminal solicitation in the fourth degree.

In November 1993 defendant was charged in indictment No. 993-49 with two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree. Defendant pleaded not guilty to these counts. In December 1993 defendant was charged in indictment No. 993-113 with two counts of robbery in the second degree and one count of harassment in the second degree. Defendant also pleaded not guilty to these charges.

Defendant was also charged by a prosecutor's information dated and filed on May 31, 1994 with criminal solicitation in the fourth degree. The crimes charged in each accusatory instrument arose out of events occurring on different dates. Pursuant to a negotiated plea agreement, defendant, in satisfaction of all charges pleaded guilty to the first count of indictment No. 993-49 (criminal sale of a controlled substance in the third degree), the first count of indictment No. 993-113 (robbery in the second degree) and the charge in the prosecutor's information (criminal solicitation in the fourth degree). Additionally, the plea bargain required that defendant be sentenced as a persistent felony offender.

At the plea proceeding, County Court (Reilly, Jr., J.) engaged in an extensive dialogue covering defendant's prior felony convictions upon which his persistent felony status was based and informed him of his right to a persistent felony hearing. Defendant waived the hearing and admitted that he was a persistent felony offender. He was also fully questioned concerning the circumstances surrounding each conviction prior to acceptance of his guilty plea.

Subsequently, defendant was sentenced as a persistent felony offender in compliance with the plea agreement to concurrent prison terms of 15 years to life for each of the felony crimes and to a concurrent jail term of one year for the misdemeanor crime. This appeal ensued.

The People candidly concede that the prosecutor's information was improperly filed, that County Court had no jurisdiction to adjudicate the charge and, therefore, the misdemeanor conviction should be reversed. However, we conclude that the felony convictions were properly entered into and should survive in that defendant's plea to the misdemeanor charge was not an integral part of a nonseverable plea bargain requiring dismissal of the felony convictions. The misdemeanor plea was incidental to the plea bargain and could not reasonably have been said to have influenced defendant's decision to accept the negotiated plea to the felonies in the circumstances of this case (*see, People v Boye*, 175 AD2d 924). Defendant faced at least 15 years to life imprisonment without regard to the misdemeanor charge and there was no effect on the prison time he was otherwise committed to serve.

The instant case is distinguishable from the situation in *People v Coles* (62 NY2d 908), where the defendant entered into a plea bargain in regard to two felony charges after his motion to suppress incriminating evidence was found to have been denied in error on appeal. Rather, the case of *People v Boye* (*supra*) controls.

County Court did not improperly sentence defendant as a persistent felony offender by failing to make a record showing its compliance with the requirements of Penal Law § 70.10 (2). The determination of whether a defendant should be sentenced as a persistent felony offender procedurally "requires both a hearing and a two-pronged analysis by the court" (*People v Oliver*, 96 AD2d 1104, 1105; *see, People v Gaines*, 136 AD2d 731, 733, *lv denied* 71 NY2d 896; *People v Montes*, 135 AD2d 838, *lv denied* 71 NY2d 900). The sentencing court must first determine that defendant " 'previously has been convicted of at least two felonies, and secondly, the court must determine if it "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" ' " (*People v Gaines, supra*, at 733, quoting *People v Oliver, supra*, at 1105).

As previously noted, County Court advised defendant that by his admission to the persistent felony offender charge he gave

up his right to a hearing on the matter. The court then went over each felony conviction the People were relying on to establish persistent felony status. Defendant at that time admitted to the relevant past felony convictions, fulfilling the first prong of the analysis.

As to the second prong, County Court adequately addressed defendant's past history and made sufficient inquiry into the circumstances of his previous convictions at sentencing. Defendant was given ample opportunity to be heard and encouraged to explain the reasons for his actions as to each conviction (*see, People v Montes, supra,* at 838). County Court stated to defendant its reasons for finding him a persistent felony offender. A trial court's exercise of its discretion to impose a lifetime sentence where the need is demonstrated "will not be disturbed absent abuse and the standards applicable in such situations must be flexible and applied on a case-by-case basis" (*People v Oliver, supra,* at 1106). County Court properly sentenced defendant as a persistent felony offender.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of criminal solicitation in the fourth degree, and, as so modified, affirmed.