■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE INGHILLERI, Appellant. [655 NYS2d 430] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Lefkowitz, J.), rendered August 9, 1994, convicting him of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling constituted a provident exercise of discretion. The court properly determined that the probative value of evidence of prior bad acts as they related to the defendant's placing his interests above those of society outweighed any prejudice to the defendant (*see, People v Sandoval,* 34 NY2d 371; *People v Bristow,* 234 AD2d 378). The record shows that the ruling was not modified after the defendant commenced testifying.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JONES, Appellant. [655 NYS2d 431] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 5, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the court's charge are unpreserved for appellate review since he neither objected to the charge as given nor requested additional instructions (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245; *see also, People v Brown,* 209 AD2d 428; *People v Brown,* 203 AD2d 374; *People v Herbert,* 182 AD2d 639).

Contrary to the defendant's contention, the court complied with the mandates of Penal Law § 70.10 (2) and adequately set forth on the record its reasons for sentencing the defendant as a persistent felony offender (*compare, People v Gaines,* 136 AD2d 731; *People v Montes,* 118 AD2d 812). Finally, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.