■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE COLLINS, Appellant. [682 NYS2d 634] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered July 14, 1997, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE CROSS, Appellant. [685 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 28, 1997, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that guilt was not proven because the only eyewitness who testified for the People offered a physically impossible version of the facts. Specifically, the People's witness testified that the defendant shot the victim in the head and was later contradicted by the medical examiner who found no wound to the victim's head other than minor lacerations on his face. We disagree. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Morever, resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, and its determination should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Krausman and Goldstein, JJ., concur.