■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY GARCIA, Appellant. [700 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered April 21, 1997, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to an indeterminate term of 15 years to life imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in compliance with Penal Law § 70.10 (2).

The Supreme Court erred in sentencing the defendant as a persistent felony offender pursuant to Penal Law § 70.10 (2) upon his conviction of burglary in the second degree. The procedure for determining whether a defendant may be subjected to increased punishment as a persistent felony offender mandates a "two-pronged analysis" (*People v Smith,* 232 AD2d 586; *People v Gaines,* 136 AD2d 731, 733; *People v Montes,* 118 AD2d 812, 813; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973). The court must determine initially "whether the defendant is a persistent felony offender as defined in subdivision 1

of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it 'is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest' " (*People v Oliver, supra,* at 1105, quoting CPL 400.20 [1] [b]; *see also, People v Smith, supra,* at 586). Before imposing sentence, the court is obliged to set forth on the record the reasons it found this second element satisfied (Penal Law § 70.10 [2]; *People v Smith, supra,* at 586).

It is impossible to ascertain what conduct or circumstances the Supreme Court relied upon in determining that the second prong of the persistent felony offender analysis was satisfied. The Supreme Court's conclusory recitation at sentencing that it had reviewed the defendant's presentence report, comments by counsel, and the defendant's conduct during trial was insufficient to fulfill the statute's mandate (*see, People v Smith, supra,* at 587; *People v Gaines, supra; People v Montes, supra*). Therefore, the sentence must be vacated and the matter remitted to the Supreme Court for resentencing in compliance with Penal Law § 70.10 (2) (*see, People v Smith, supra,* at 587).

The defendant's remaining contentions, including those contained in his supplemental *pro se* brief, are without merit or do not require reversal. Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.