■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON BROWN, Appellant. [704 NYS2d 83] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 23, 1997, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 (2).

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the third degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant was found to be a persistent felony offender pursuant to Penal Law § 70.10 (2). The procedure to determine whether a defendant may be subjected to increased punishment as a persistent felony offender mandates a "two-pronged

analysis" (*People v Smith,* 232 AD2d 586; *see, People v Gaines,* 136 AD2d 731, 733; *People v Montes,* 118 AD2d 812, 813; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973). First, the court must determine if the defendant is a persistent felony offender as defined in Penal Law § 70.10 (1), namely, that he previously has been convicted of at least two felonies. Second, the court must determine if "the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20 [1] [b]; *see, People v Oliver, supra,* at 1105; *see also, People v Smith, supra,* at 586). Before imposing sentence, the court is obliged to set forth on the record its reasons for finding the second element present (*see,* Penal Law § 70.10 [2]; *People v Smith, supra,* at 586).

It is impossible to ascertain what conduct or circumstances the court relied upon in determining that the second prong of the persistent felony offender analysis was satisfied. The court's conclusory recitation at sentencing that it had reviewed the defendant's background and record was insufficient to fulfill the statute's mandate (*see, People v Smith, supra,* at 587; *People v Gaines, supra; People v Montes, supra*). As such, the sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing in compliance with Penal Law § 70.10 (2) (*see, People v Smith, supra,* at 587).

The defendant's remaining contention is without merit. Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.