■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN COOK, Appellant. [723 NYS2d 399] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered January 10, 1997, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was legally insufficient to support his conviction of attempted robbery in the first degree. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that he was prejudiced by comments made by the prosecutor during summation. This issue is unpreserved for appellate review as the defendant either did not object to the challenged comments, made only general objections, or did not seek curative instructions (*see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953; *People v Lewis,* 175 AD2d 885, 886). In any event, the prosecutor's comments were a fair response to the defense counsel's summation and stayed within the "four corners of the evidence" (*People v Ashwal,* 39 NY2d 105, 109; *see also, People v Galloway,* 54 NY2d 396). Santucci, J. P., Florio, H. Miller and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE CROSS, Appellant. [722 NYS2d 918] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 25, 1999 (*People v Cross,* 257 AD2d 663), affirming a judgment of the Supreme Court, Kings County, rendered August 28, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, P. J., O'Brien, Krausman and Goldstein, JJ., concur.