■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON BROWN, Appellant. [726 NYS2d 280] —Appeal by the defendant from a resentence of the Supreme Court, Kings County (Starkey, J.), imposed March 9, 2000, upon remittitur from this Court (*see, People v Brown,* 268 AD2d 593).

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the resentencing court complied with the mandates of Penal Law § 70.10 (2). The sentencing court adequately set forth on the record the reasons it was of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct demonstrated that extended incarceration and lifetime supervision would best serve the public interest (*see, People v Corrica,* 243 AD2d 722; *People v Smith,* 232 AD2d 586; *People v Dell'Orfano,* 197 AD2d 587; *People v Gaines,* 136 AD2d 731, 733).

The defendant's remaining contention is without merit. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRUNSON, Appellant. [726 NYS2d 281] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered October 25, 1999, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he is entitled to a new trial because of improper comments made by the prosecutor during summation. However, the challenged statements were either fair comment on the evidence adduced at trial or fair responses to the defense counsel's summation (*see, People v Cook,* 282 AD2d 617; *People v Garcia,* 273 AD2d 402; *People v Galloway,* 54 NY2d 396).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953) and, in any event, without merit (*see generally, People v Overlee,* 236 AD2d 133). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.