People v Swartz (2018 NY Slip Op 02837)





People v Swartz


2018 NY Slip Op 02837


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

107997

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TROY SWARTZ, Appellant.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 29, 2015, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and strangulation in the second degree.
Following a jury trial, defendant was convicted of sexual abuse in the first degree and strangulation in the second degree. County Court thereafter determined that defendant was a persistent felony offender and sentenced him to two concurrent prison terms of 25 years to life. Defendant appeals.
We reject defendant's contention that County Court improperly sentenced him as a persistent felony offender.
Defendant admitted to being convicted of four prior felonies and that he was incarcerated for more than one year on each conviction (see Penal Law § 70.10 [1]). Moreover, nothing in the record suggests that County Court abused its discretion in determining that defendant's "history and character" and "the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of [him] are warranted to best serve the public interest" (CPL 400.20 [1] [b]). County Court addressed defendant's criminal history, which spans over 30 years and includes numerous convictions, multiple parole violations and crimes involving violent and offensive acts against women, and defendant was provided an opportunity to be heard. Accordingly, we cannot conclude that County Court abused its discretion in imposing an [*2]aggregate sentence of 25 years to life (see People v Wicks, 73 AD3d 1233, 1237 [2010], lv denied 15 NY3d 857 [2010]; People v Stokes, 290 AD2d 71, 76 [2002], lv denied 97 NY2d 762 [2002], cert denied 537 US 859 [2002]; People v Andre, 232 AD2d 884, 886 [1996], lv denied 89 NY2d 918 [1996]). Finally, defendant's contention that County Court was biased and should have recused itself is unpreserved for our review, as he failed to make an appropriate motion or request that the court recuse itself (see People v Ganoe, 122 AD3d 1003, 1003-1004 [2014], lv denied 25 NY3d 1163 [2015]; People v Bigwarfe, 35 AD3d 904, 905 [2006], lv denied 8 NY3d 878 [2007]). In any event, the record contains no evidence of judicial bias, and the fact that County Court may have been familiar with some of defendant's prior crimes, due to the court's former position as Ulster County District Attorney, does not warrant the court's recusal (see People v Kenyon, 108 AD3d 933, 941-942 [2013], lv denied 21 NY3d 1075 [2013]; People v Alnutt, 172 AD2d 1061, 1061 [1991], lv denied 78 NY2d 1073 [1991]).
McCarthy, Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.