People v Lydon (2022 NY Slip Op 05714)

People v Lydon

2022 NY Slip Op 05714

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2018-15167
2022-07380

[*1]The People of the State of New York, respondent,
v
Richard Lydon, appellant. (Ind. Nos. 1956/17, 588/18)

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Guy Arcidiacono and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Timothy P. Mazzei, J.), both rendered November 26, 2018, convicting him of menacing in the first degree (three counts), criminal mischief in the second degree, reckless endangerment in the second degree, and endangering the welfare of a child under Indictment No. 1956/17, and tampering with a witness in the third degree, conspiracy in the fifth degree, and criminal solicitation in the fourth degree under Indictment No. 588/18, upon a jury verdict, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, the County Court providently exercised its discretion in sentencing the defendant as a persistent felony offender. Penal Law § 70.10(1)(a) defines a persistent felony offender as "a person, other than a persistent violent felony offender . . . , who stands convicted of a felony after having previously been convicted of two or more felonies." The procedure for determining whether a defendant may be subjected to increased punishment as a persistent felony offender mandates a "two-pronged analysis" (People v Smith, 232 AD2d 586, 586 [internal quotation marks omitted]; see CPL 400.20[1]; People v Polite, 164 AD3d 1372, 1373; People v Gaines, 136 AD2d 731, 733). "Initially, the court must determine whether the defendant is a persistent felony offender as defined in subdivision 1 of section 70.10 of the Penal Law, namely, that he previously has been convicted of at least two felonies, and secondly, the court must determine if it 'is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest'" (People v Oliver, 96 AD2d 1104, 1105, affd 63 NY2d 973, quoting CPL 400.20[1][b]; see People v Prindle, 29 NY3d 463, 467; People v Polite, 164 AD3d at 1373). Here, the court's determination that the history and character of this defendant, and the nature and circumstances of his criminal conduct, indicated that extended incarceration and lifetime supervision would best serve the public interest (see Penal Law § 70.10[2]), is supported by the record (see People v Polite, 164 AD3d at 1374; People v Harris, 117 AD3d 847, 860, affd 26 NY3d 1; People v Dixon, 107 AD3d 735, 736). Moreover, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant contends that he was deprived of the effective assistance of counsel [*2]for several reasons, including counsel allowing the defendant to testify. In this regard, the defendant notes that the record does not indicate that counsel advised him against testifying. Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d 1108, 1109).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court