■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD H. FREY, Appellant. — Judgment unanimously modified by vacating the sentence imposed and, as modified, affirmed, and defendant remanded to Supreme Court, Monroe County, for resentencing, in accordance with the following memorandum: Following his conviction after trial of burglary in the second degree and petit larceny, defendant was sentenced as a persistent felony offender to 15 years to life in prison. The sentencing court failed, however, to set forth on the record the reasons why "it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law, § 70.10, subd 2). This requirement has been imposed by the Legislature to aid the court in focusing upon the purpose of the sentence and as a method of explaining the sentence to the public and the offender (see Commission Staff Notes on Proposed New York Penal Law, § 30.00, subd 3; § 30.10, subd 2). ¶ This is not the type of case where the reasons which compelled the imposition of the sentence are obvious from the record (see *People v Esteves*, 41 NY2d 826). Although defendant has three prior felony convictions related to burglaries and larcenies, there are reasons in this record whereby the sentencing court, in the exercise of its discretion, might determine that defendant should not be treated as a persistent felony offender. Indeed the Probation Department recommended that he be sentenced as a second felony offender. The court, rather than explaining its

"reasons" on the record for imposing a life sentence upon defendant, merely found that "the nature and circumstances of [defendant's] criminal conduct as stated by the prosecutor do indicate to this court that extended incarceration and life-time supervision will best serve the public interest." This statement of "reasons" is conclusory at best and hardly sufficient under the circumstances of this case. Moreover, the court focused solely upon defendant's "criminal conduct" and did not indicate that it considered his "history and character". ¶ Other issues raised by defendant have been examined and found to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Reed, J. — burglary, second degree.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.