■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODIS RADCLIFFE, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: County Court correctly determined that the warrantless entry of defendant's apartment was justified under the emergency exception to the warrant requirement (see, Mincey v Arizona, 437 US 385; People v Mitchell, 39 NY2d 173, cert denied 426 US 953). Prior to the entry, police were attempting to locate a missing four-year-old child. The police investigation revealed that the child's mother had taken him to his grandparent's home for an overnight visit; that the following morning, the grandmother and child

went shopping; that the grandmother began drinking with some friends and told an acquaintance named "Pike" to take the child home; and that "Pike" (the defendant) lived in the first floor apartment at 5 Lamberton Park in Rochester. An officer repeatedly knocked on the door of that apartment and identified himself as a police officer. There was no response from within the apartment. The occupant of an upstairs apartment then informed the officer that he observed defendant and the child enter the apartment about a half hour to an hour before and that they were still in the apartment. Under the circumstances, the officer had a reasonable belief that the child might be in danger or distress and that his immediate assistance was required *(see, People v Mitchell, supra; Pari v City of Binghamton,* 57 AD2d 674; *see also, People v Clayton,* 34 Ill App 3d 376, 339 NE2d 783; *State v Stevens,* 311 Ore 119, 806 P2d 92). Therefore, the court properly denied defendant's motion to suppress evidence obtained as a result of the subsequent entry.

The court erred, however, in failing to provide defendant with a separate statement setting forth the dates and places of defendant's prior convictions and the factors in defendant's history and background warranting persistent felony offender status, as required by CPL 400.20 (3). Further, the court did not expressly adopt, as its own, the conviction history set forth in the persistent felony information *(cf., People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973), and the court failed to elaborate upon those factors it considered in determining that defendant was a persistent felon *(see, People v Perry,* 161 AD2d 1156, *lv denied* 76 NY2d 863; *People v Frey,* 100 AD2d 728).

The court also erred by imposing consecutive terms of imprisonment. The record indicates that the acts of sexual abuse and sodomy were committed during one sexual assault. The indictment alleged that defendant committed sexual abuse by touching the victim with his body. Because the jury could have found that the sexual abuse occurred by the same sexual contact that constituted the crime of sodomy, the imposition of concurrent terms of imprisonment was required *(see, People v Hurlbut,* 178 AD2d 958; *People v Williams,* 141 AD2d 783, 786, *lv denied* 72 NY2d 1051). Therefore, the sentences are vacated and the matter remitted for resentencing. (Appeal from Judgment of Monroe County Court, Egan, J. —Sodomy, 1st Degree.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.