◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODIS RADCLIFFE, Appellant. [612 NYS2d 534] —Resentence unanimously reversed on the law and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: The contention that defendant was denied the right to be present during a *Sandoval* conference *(see, People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656) is not properly before this Court. That contention was raised on a CPL 330.30 motion, made after defendant's conviction had been affirmed and after the matter had been remitted for resentencing *(People v Radcliffe,* 185 AD2d 662, *lv denied* 80 NY2d 976). This appeal is limited to issues pertaining to the resentencing *(see,* CPL 450.30 [3]; *People v Cahill,* 190 AD2d 744, 745).

The People failed to sustain their burden of proving that defendant was the person convicted of those felonies set forth in the court's statement prepared and served pursuant to CPL 400.20. On a prior appeal, we held that County Court erred by failing "to provide defendant with a separate statement setting forth the dates and places of defendant's prior convictions and the factors in defendant's history and background warranting persistent felony offender status, as required by CPL 400.20 (3)" *(People v Radcliffe, supra,* at 663). Implicit in our prior decision is the holding that, because defendant did not receive proper notice of the persistent felony offender hearing, that hearing was invalid *(see, People v Wilson,* 64 AD2d 782, 783). The sole evidence received at the second persistent felony offender hearing to establish that defendant was the same person convicted of those prior felonies set forth in the court's statement was the decision of County Court made following the first hearing. Although proof underlying that decision was offered, the record fails to indicate that it was received. The decision did not constitute evidence that defendant is a persistent felony offender *(see,* CPL 400.20 [5]). Under the circumstances, we remit this matter for resentencing consistent with this memorandum. (Appeal from Resentence of Monroe County Court, Egan, J.—Felony Offender Hearing.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.