■ The People of the State of New York, Respondent, v Clarence E. Richards, Jr., Appellant. [644 NYS2d 363] —Mercure, J.

On the afternoon of June 6, 1991, defendant and his accomplice, James Derusha, committed several burglaries, including the burglary of the Apicella residence in the Town of Galway, Saratoga County, the subject of the instant indictment. Defendant and Derusha were both arrested on July 26, 1991. At that time, defendant made oral and written statements to the police giving a detailed account of the crime. Although Derusha initially denied his own involvement in the burglary, he ultimately gave a full confession concerning both parties' participation. Defendant was indicted for a single count of burglary in the second degree. Following suppression and *Sandoval* hearings, County Court determined that defendant's inculpatory statements were voluntarily given and, by way of *Sandoval* compromise, permitted inquiry into several of defendant's prior convictions by disclosing that they were felonies and the sentence imposed in each case. At the ensuing trial, where the primary evidence against defendant consisted of Derusha's testimony and defendant's oral and written confessions, the jury convicted defendant of the single count of burglary charged in the indictment. Sentenced as a persistent felony offender to a prison term of 20 years to life, defendant now appeals.

Initially, we reject the contention that, in view of the People's failure to establish the lawfulness of defendant's July 26, 1991 arrest and detention, County Court should have suppressed defendant's inculpatory statements. Despite a movant's initial obligation to "state the ground or grounds of [his suppression] motion [and make] sworn allegations of fact * * * supporting such grounds" (CPL 710.60 [1]), defendant filed no written motion. Rather, it appears that the People merely ac-

ceded to his oral request for a *Huntley* hearing. Under the circumstances, defendant will not be heard to challenge the People's understanding that the sole purpose for the ensuing suppression hearing was to determine the voluntariness of defendant's statements (*see,* CPL 710.20 [3]), an issue not directly implicating the legality of defendant's arrest. To the contrary, the claim that a statement, otherwise voluntary, was derived from an illegal arrest would be properly the subject of a motion pursuant to CPL 710.20 (4) (*see,* Katz and Shapiro, New York Suppression Manual § 28.03 [5]). In addition, considering that the issue was first raised after the parties had rested, and no evidence having been adduced to support the contention that defendant's arrest was unlawful, County Court cannot be faulted for its failure to *sua sponte* reopen the hearing to take evidence on the issue of the legality of defendant's arrest (*cf., People v Stroud,* 63 AD2d 721, 722).

Nor are we persuaded that defendant was denied the effective assistance of counsel. Viewed in totality and as of the time of representation, our review of the record reveals that defendant's counsel provided meaningful representation (*see, People v Flores,* 84 NY2d 184, 187; *People v Baldi,* 54 NY2d 137, 147). Counsel went to great lengths to prevent the admission or neutralize the impact of the most damning evidence— Derusha's testimony and defendant's statements to the police—and also made persuasive opening and closing statements, cross-examined all witnesses, called defense witnesses, and made appropriate pretrial motions and objections throughout the trial (*see, People v Parker,* 220 AD2d 815, 816-817; *People v Linderberry,* 215 AD2d 867, 870, *lv denied* 86 NY2d 844).

As for defendant's next point, although we agree that County Court erred in some of its evidentiary rulings, i.e., permitting the People to question defendant concerning the financial burden of his conceded drug habit, permitting inquiry concerning a prior Fulton County prosecution resulting in defendant's conviction of burglary, and limiting defendant's cross-examination of Derusha concerning his prior inconsistent statements to the police, we conclude that, in view of County Court's appropriate limiting instructions and the overwhelming evidence of defendant's guilt, the erroneous evidentiary rulings did not infect or taint the verdict and were harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242).

There is merit, however, to the contention that the persistent felony offender procedure employed by County Court was improper. Under CPL 400.20 (1) and (2), defendants being considered for persistent felony offender treatment are entitled

to a hearing to determine both their status as persistent felony offenders and, if established, whether a persistent felony offender sentence should be imposed. CPL 400.20 (3) mandates that an order directing such a hearing, together with a statement of the court setting forth the dates and places of the predicate convictions and the factors in the defendant's background deemed relevant to the issue of persistent felony offender status, *must* be filed with the clerk of the court not less than 20 days before the date specified for the hearing (CPL 400.20 [3] [a], [b]). The clerk must then send notice of the hearing to defendants, their counsel and the District Attorney specifying the time, place and purpose of the hearing, together with a copy of the statement of the court (CPL 400.20 [4]).

Significantly, the failure to conform with these procedures invalidates the hearing (*see, People v Radcliffe*, 204 AD2d 1035, *lv denied* 84 NY2d 871), requiring that the sentence be vacated and the matter remitted for new persistent felony offender proceedings (*see, People v Williams*, 211 AD2d 596, *lv denied* 85 NY2d 982; *People v Hunter*, 210 AD2d 11, *lv denied* 85 NY2d 863). In this case, it is uncontested that County Court did not file the requisite order directing the hearing and the hearing was held less than 20 days following the filing of the People's statement.

Defendant's remaining contentions have been considered and found to be either unpreserved for review or lacking in merit.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Saratoga County for a new persistent felony offender hearing and resentencing; and, as so modified, affirmed.