■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM GONZALEZ, Respondent. [648 NYS2d 553] —Order, Supreme Court, Bronx County (Richard Price, J.), entered November 17, 1995, which, in a prosecution for criminal possession of a controlled substance in the third degree (two counts), possession of a gambling device, and promoting gambling in the second degree, granted defendant's renewal/reargument motion to suppress physical evidence and thereupon granted suppression, unanimously reversed, on the law and the facts, and renewal/reargument denied and the initial denial of suppression reinstated.

We concur in the view taken by the hearing court on its initial review of the circumstances herein. While the People's arguments must fail as to defendant's lack of an expectation of

privacy (*see, People v Green*, 81 AD2d 621) and alleged consent to the field team's entry into the social club (*see, People v White-hurst*, 25 NY2d 389), their contentions with respect to the applicability of the emergency doctrine are valid. The failure of the undercover to emerge from the social club after 10 minutes beyond the usual 20 minute period he was allotted to investigate a premises created a reasonable basis for the team to believe that an emergency existed and that there was an immediate need for their assistance to protect his life. This, along with the indications in the record that the subsequent search was not primarily motivated by intent to arrest and to seize evidence and that there was probable cause to associate the emergency with the area or place to be searched, was sufficient to warrant the field team's entry (*see, People v Mitchell*, 39 NY2d 173, 177-178, *cert denied* 426 US 953; *People v Radcliffe*, 185 AD2d 662, *lv denied* 80 NY2d 976).

Upon their lawful entry into the social club, the field team observed the liquor and the gambling machines in plain view. However, they did not seize these items until the undercover advised them by radio that defendant had sold him an alcoholic beverage, that defendant had used cocaine in his presence and that defendant controlled the gambling devices (*see, People v Dodt*, 61 NY2d 408). The undercover's communication provided the team with probable cause to seize the liquor and, in the course of doing so, the cocaine came into plain view and was lawfully seized as well (*see, People v Spinelli*, 35 NY2d 77; *People v Manganaro*, 176 AD2d 354, *lv denied* 79 NY2d 860). Hence, the motion to suppress physical evidence should have been denied. There was no basis in defendant's reargument/renewal motion papers to grant such application or reconsider the initial determination. Concur—Sullivan, J. P., Ellerin, Ross and Williams, JJ.