■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Also Known as ANTHONY MOORE, Also Known as

JUEN LOOL, Also Known as KEVIN BROWN, Also Known as ROOSEVELT MACK, Appellant. [702 NYS2d 53] —Judgments, Supreme Court, New York County (Rose Rubin, J., at plea; Harold Rothwax, J., at sentence), rendered January 25, 1995, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a persistent felony offender (PFO), to a term of 15 years to life, and also convicting defendant of violation of probation and resentencing him, as a persistent felony offender, to a concurrent term of 15 years to life, unanimously modified, in the interest of justice, to the extent of vacating the sentences and remanding for resentencing, and otherwise affirmed.

The sentencing court failed to employ the procedures mandated by CPL 400.20 (*see, People v Wilson*, 64 AD2d 782; *People v Oliver*, 96 AD2d 1104, *affd* 63 NY2d 973). Although the People served defendant with a persistent felony offender statement, there is no indication that any order as mandated by CPL 400.20 (3) was ever executed or filed. Nor did the court provide notice under CPL 400.20 (4). Failure to file the order and provide notice of the hearing invalidates a PFO sentence (*People v Richards*, 228 AD2d 792, *lv denied* 88 NY2d 1024; *People v Wilson*, 64 AD2d 782, *supra; People v Williams*, 211 AD2d 596, *lv denied* 85 NY2d 982; *People v Hunter*, 210 AD2d 11, *lv denied* 85 NY2d 863).

Finally, the appearances before the sentencing court cannot be construed as the hearing contemplated by CPL 400.20 (7), which mandates that at the beginning of the hearing the court "must ask [defendant] whether he wishes to controvert any allegation made in the statement prepared by the court, and whether he wishes to present evidence on the issue of whether he is a persistent felony offender or on the question of his background and criminal conduct." No such preliminary examination was conducted. Indeed, the defendant was not given an opportunity to be heard until after the court adjudicated him a PFO and was preparing to sentence him thereon. Concur—Ellerin, J. P., Wallach, Lerner, Andrias and Saxe, JJ.