THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant. [713 NYS2d 410] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant was convicted after a jury trial of attempting to murder his wife by stabbing her. The police were dispatched to their home in Rochester shortly after midnight on New Year's Day in 1997 upon receipt of a hang-up 911 call. When the police arrived, they heard the victim's cries for help and forced their way into the house. Defendant was apprehended as he attempted to escape out the back door from the basement. The victim was found lying on the floor of an upstairs bedroom, bleeding from several stab wounds, and the knife was found nearby. Under questioning by the police, the victim identified defendant as her assailant and described the circumstances of the attack. As ambulance personnel removed the victim from the premises, defendant repeatedly yelled: "I hope she dies".

Supreme Court properly denied without a hearing defendant's motion to dismiss the indictment on the ground that the integrity of the Grand Jury proceeding was impaired by prosecutorial misconduct. After the Grand Jury presentment, the victim reconciled with defendant and gave him a sworn statement indicating that the prosecutor coerced her testimony before the Grand Jury by threatening her with contempt. Even assuming, arguendo, that the victim's statement is true, we conclude that the prosecutor's conduct was not improper. "Intentional disobedience or resistance to the lawful process or other mandate of a court" is punishable as contempt (Penal Law § 215.50 [3]). There is no allegation that the prosecutor threatened the victim with perjury if she gave testimony favorable to defendant (*see, People v Greco*, 187 AD2d 151, 158-159, *lv denied* 81 NY2d 1073; *see also, People v Davis*, 112 AD2d 722, 724, *lv denied* 66 NY2d 918) or otherwise attempted to influence the victim's Grand Jury testimony (*cf., People v Huston*, 88 NY2d 400, 407). In any event, the remaining evidence before the Grand Jury established reasonable cause to believe

that defendant was the assailant, and thus, "this situation does not constitute an 'impairment of integrity' of the Grand Jury process pursuant to CPL 210.35 (5) and qualify for the exceptional remedy of dismissal of the indictment" (*People v Avilla*, 212 AD2d 800, 801, *lv denied* 85 NY2d 935; *see, People v Bryant*, 234 AD2d 605, *lv denied* 89 NY2d 1032).

Although the People did not call the victim as a witness at trial, they introduced evidence of the victim's statements to the police at the crime scene. Contrary to defendant's contention, that evidence was properly admitted under the excited utterance exception to the hearsay rule (*see, People v Cotto*, 92 NY2d 68, 78-79). "[T]he determination of spontaneity is a matter entrusted to the discretion of the trial court" (*People v Vigliotti*, 270 AD2d 904), and there is ample evidence to "justify the conclusion that the remarks were not made under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497). We conclude that defendant's other contentions with respect to that evidence are without merit.

We further conclude that the court properly denied the pretrial motion of defendant to suppress evidence seized from his home, as well as his statements and the evidence seized from him upon his arrest. Defendant contends that exigent circumstances did not exist to justify the warrantless entry into his home. Here, the issue concerning the existence of exigent circumstances was one of fact dependent upon the court's determination of the credibility of the police officers. "The hearing court's assessment of credibility is entitled to great weight, and the court's determination will not be disturbed where, as here, it is supported by the record" (*People v Little*, 259 AD2d 1031, 1032, *lv denied* 93 NY2d 926).

Defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. We disagree. The recantation of the victim, who testified at trial for defendant, is inherently suspect. Her excited utterances constitute direct evidence of defendant's guilt (*see, People v Vigliotti, supra*), and defendant is further implicated by the circumstances of his apprehension and his statements upon arrest. We reject defendant's contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see, People v Gray*, 84 NY2d 709, 712), and we conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147).

Defendant contends in a *pro se* supplemental brief that rebuttal testimony was improperly received, that there was prosecutorial misconduct during trial and that the court erred in

failing to give a wholly circumstantial evidence charge. None of those contentions is preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have reviewed the remaining contentions of defendant in the *pro se* supplemental brief and conclude that they lack merit.

Defendant was sentenced as a persistent felony offender following a hearing pursuant to CPL 400.20. At the conclusion of the hearing, however, the court failed to set forth on the record the reasons why it found that "the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20 [1] [b]; *see,* Penal Law § 70.10 [2]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing in compliance with Penal Law § 70.10 (2) (*see, People v Brown,* 268 AD2d 593, *lv denied* 94 NY2d 945; *People v Smith,* 232 AD2d 586; *People v Frey,* 100 AD2d 728). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Attempted Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.