■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ELLIOT, Appellant. [726 NYS2d 7] —Judgment, Supreme Court, New York County (George Daniels, J., at hearing; Ira Beal, J., at jury trial and sentence), rendered March 15, 1999, convicting defendant of burglary in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent felony offender, to an indeterminate term of imprisonment of from 15 years to life and a concurrent determinate term of 1 year, unanimously affirmed.

Defendant's suppression motion was properly denied. The showup identification was not unduly suggestive (*see, People v Duuvon*, 77 NY2d 541, 545). The police sergeant's balanced comment, made after the witness expressed some uncertainty as to whether defendant was the person he observed breaking

into an apartment in another building, that the police needed to know whether the witness was certain or not in order to decide whether they should continue their search for the burglar, did not pressure the witness to identify defendant.

Defendant acknowledges that his argument that the sentencing court did not follow the procedures set forth in CPL 400.20 in adjudicating him a persistent felony offender is unpreserved for our review and we decline to do so in the interest of justice (*see, People v Banks*, 265 AD2d 163, *lv denied* 94 NY2d 819) because, as distinguished from *People v Jones* (268 AD2d 356), there was sufficient compliance with the statutory notice and hearing provisions.

Defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.