■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED ADKINS, Appellant. [748 NYS2d 304] —Appeal from a judgment of Onondaga County Court (Higgins, J.), entered March 2, 2001, convicting defendant after a jury trial of, inter alia, attempted robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted robbery in the first degree (two counts) (Penal Law §§ 110.00, 160.15 [2], [4]), criminal use of a firearm in the second degree (two counts) (§ 265.08 [1], [2]), reckless endangerment in the first degree (§ 120.25), and criminal possession of a weapon in the second degree (§ 265.03). The evidence is legally sufficient to establish defendant's commission of an attempted forcible theft, and the verdict is not against the weight of the evidence on the issue of defendant's identity (*see People v Bleakley,* 69 NY2d 490, 495).

County Court properly denied defendant's motion to dismiss the indictment pursuant to CPL 30.30. "[W]here it is possible for the defendant to be arraigned and the trial to go forward within the six-month period, a pre-arraignment statement of readiness can be valid. Thus, a statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the 'speedy trial' clock if the indictment is filed at least two days before the CPL 30.30 period ends * * *. Moreover, * * * there is no requirement that a defendant be present in order to establish readiness for trial" (*People v Carter,* 91 NY2d 795, 798). Even if the period of delay between May 25th and June 2nd was charged to the People, it would not exceed the six-month period provided by CPL 30.30.

The court properly sentenced defendant as a persistent felony offender. The proof presented by the People establishes that "the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20 [1]; *see* Penal Law § 70.10 [2]; *see also People v Mercado,* 294 AD2d 805; *People v Batista,* 235 AD2d 631, 632-633, *lv denied* 89 NY2d 1088; *People v Elliott,* 162 AD2d 1030, *lv denied* 76 NY2d 892). In this case, the "reasons which compelled the imposition of the sentence are obvious from the record" (*People v Frey,* 100 AD2d 728, 728, citing *People v Esteves,* 41 NY2d 826), and we therefore need not vacate the sentence and remit the matter for resentencing as a consequence of the court's failure to state on the record why in its view defendant's history and character

warranted persistent felony offender treatment (*cf. People v Johnson,* 275 AD2d 949, 951, *lv denied* 95 NY2d 965; *Frey,* 100 AD2d at 728-729). Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.