■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESRAE RUFFINS, Appellant. [776 NYS2d 405]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered January 29, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), unauthorized use of a vehicle in the second degree (§ 165.06), and resisting arrest (§ 205.30). Defendant failed to preserve for our review his contention that the evidence of the value of the stolen vehicle is legally insufficient (*see People v Gray,* 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit (*see People v Jackson,* 194 AD2d 691 [1993]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]), and Supreme Court did not violate CPL 200.60 in permitting the People to cross-examine defendant with respect to his 1998 conviction of unau-

thorized use of a vehicle in the second degree (see People v Ellis, 233 AD2d 692, 695 [1996]). We also conclude that defense counsel's statements in response to the court's inquiries on defendant's pro se motion to substitute counsel did not deny defendant effective assistance of counsel (see People v Cross, 262 AD2d 223, 224 [1999], lv denied 94 NY2d 902 [2000]; see also People v Rivers, 296 AD2d 861, 862 [2002], lv denied 99 NY2d 539 [2002]).

Defendant's contention that CPL 400.20 is unconstitutional is not preserved for our review (see People v Rosen, 96 NY2d 329, 335 [2001], cert denied 534 US 899 [2001]; People v Brown, 306 AD2d 12, 13 [2003], lv denied 100 NY2d 592 [2003]) and, in any event, is without merit (see Rosen, 96 NY2d at 334-335; People v Johnson, 5 AD3d 1050 [2004]). We agree with defendant, however, that the sentence should be vacated because the court failed to follow the procedure set forth in CPL 400.20 in sentencing him as a persistent felony offender. "[T]he court failed to set forth on the record the reasons why it found that 'the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest' " (People v Johnson, 275 AD2d 949, 951 [2000], lv denied 95 NY2d 965 [2000]; see People v Brown, 268 AD2d 593, 593-594 [2000], lv denied 94 NY2d 945 [2000]; People v Radcliffe, 185 AD2d 662, 663 [1992], lv denied 80 NY2d 976 [1992]; People v Wilson, 64 AD2d 782 [1978]). Contrary to the People's contention, a proper statement issued by the court and a hearing were required, along with notice of the hearing (see CPL 400.20 [3], [4], [7], [9]), and the court was not entitled to rely solely on the presentence report in sentencing defendant as a persistent felony offender (cf. People v Virgil, 269 AD2d 850 [2000], lv denied 95 NY2d 806 [2000]). In any event, the court here merely confirmed that defendant admitted to two prior felony convictions before stating, "[y]ou do admit them so you shall be sentenced as a persistent felony offender." Although the court asked defendant whether he was waiving his right to a hearing to challenge his prior convictions (see CPL 400.20 [6]), defendant did not waive his right to the hearing required by section 400.20, which includes consideration of prior convictions and other matters as well (cf. People v Pringle, 226 AD2d 1072, 1073 [1996], lv denied 88 NY2d 940 [1996]). Although defendant failed to preserve his contention for our review (see People v Proctor, 79 NY2d 992, 994 [1992]), we nevertheless exercise our power to reach it as a matter of discretion in the interest of justice under the circumstances of this case (see 470.15 [6] [a]; see also People v Jones,

268 AD2d 356, 357 [2000]). We further conclude that defendant did not receive meaningful representation in the context of his sentencing as a persistent felony offender (*see generally People v Washington*, 96 AD2d 996, 997-998 [1983]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for the assignment of new counsel and resentencing in compliance with CPL 400.20. In light of our determination, we do not reach defendant's contention that the sentence is unduly harsh and severe. Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.