■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDSON WATKINS, Appellant. (Appeal No. 1.) [793 NYS2d 657]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 3, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him following a jury trial of petit larceny (Penal Law § 155.25). At that trial, the jury was unable to reach a verdict with respect to the charges of rape in the first degree (§ 130.35 [3]) and endangering the welfare of a child (§ 260.10 [1]), and the jury found defendant not guilty of the remaining charges. In appeal No. 1, defendant appeals from a judgment convicting him of the charges of rape and endangering the welfare of a child following a retrial on those charges. County Court properly denied defendant's motion to dismiss the indictment on speedy trial grounds. After the People stated their readiness for trial with respect to the trial at issue in appeal No. 2, they sought and obtained an adjournment for DNA testing. The People's statement of readiness was not illusory because the People could have proceeded to trial without the DNA evidence, presenting the testimony of the victim and other witnesses (*see People v Brown*, 269 AD2d 809 [2000], *affd* 96 NY2d 80 [2001]; *People v Bargerstock*, 192 AD2d 1058 [1993], *lv denied* 82 NY2d 751 [1993]). Defendant's remaining contentions on appeal concern only the judgment in appeal No. 1.

We reject defendant's contention that the evidence concerning DNA testing was not reliable (*see generally People v Fontanez*,

278 AD2d 933, 935 [2000], *lv denied* 96 NY2d 862 [2001]; *People v Hall*, 266 AD2d 160, 160-161 [1999], *lv denied* 94 NY2d 948 [2000]; *People v Hamilton*, 255 AD2d 693, 694 [1998], *lv denied* 92 NY2d 1032 [1998]; *People v Morales*, 227 AD2d 648, 649 [1996], *lv denied* 89 NY2d 926 [1996]). Defendant failed to preserve for our review his contentions regarding the chain of custody with respect to the victim's underwear (*see* CPL 470.05 [2]). In any event, his contentions are without merit. " '[T]he circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence," and thus any deficiencies in the chain of custody affect only the weight of the evidence and not its admissibility (*People v Julian*, 41 NY2d 340, 343 [1977]; *see People v Thompson*, 300 AD2d 1032, 1033 [2002], *lv denied* 99 NY2d 620 [2003]). Contrary to defendant's further contention, there was no double jeopardy violation in appeal No. 1 with respect to the retrial of the unresolved charges (*see Matter of Wiley v Couzens*, 38 NY2d 731 [1975]).

Contrary to defendant's further contention, reversal is not required based on an alleged *Rosario* violation. Even assuming, arguendo, that the videotape at issue was *Rosario* material, we conclude that there is no basis for reversal on the ground of untimely disclosure inasmuch as defendant failed to demonstrate that he was substantially prejudiced by the delay in obtaining the videotape (*see People v Goston*, 9 AD3d 905, 906-907 [2004], *lv denied* 3 NY3d 706 [2004]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant, who was sentenced as a persistent felony offender, failed to preserve for our review his present challenge to the constitutionality of the persistent felony offender statute (*see People v Besser*, 96 NY2d 136, 148 [2001]; *People v Ruffins*, 6 AD3d 1153, 1154 [2004], *lv denied* 3 NY3d 662 [2004]). In any event, that challenge lacks merit (*see People v Nelson*, 16 AD3d 1172 [2005]; *Ruffins*, 6 AD3d at 1154). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.