■ The People of the State of New York, Respondent, v Judson Watkins, Appellant. [40 NYS3d 832]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from

an order of the Onondaga County Court (Joseph E. Fahey, J.), entered December 18, 2013. The order denied the motion of defendant pursuant to CPL 440.20 (1).

It is hereby ordered that the order so appealed from is unanimously reversed on the law, the motion is granted, the sentence is set aside and the matter is remitted to Onondaga County Court for resentencing.

Memorandum: Defendant appeals by permission of this Court pursuant to CPL 460.15 from an order denying his motion pursuant to CPL 440.20 (1) seeking to set aside his sentence on the ground that he was improperly adjudicated a persistent felony offender. We agree with defendant that County Court erred in denying the motion upon determining that this issue was previously addressed on the merits (*see* CPL 440.20 [2], [3]). Although defendant has filed four prior CPL article 440 motions, one of which was considered by this Court on appeal (*People v Watkins,* 79 AD3d 1648 [2010], *lv denied* 16 NY3d 800 [2011]), the precise issue raised herein was not addressed by this Court on that appeal or on defendant's direct appeal (*People v Watkins,* 17 AD3d 1083, 1084 [2005], *lv denied* 5 NY3d 771 [2005]). On the merits, we agree with defendant that the court erred in designating him a persistent felony offender because he had not been sentenced to a period of more than one year on two of the three proposed predicate felonies (*see* Penal Law § 70.10 [1] [b] [i]). Although the People are correct that the prior felony convictions of robbery in the second degree (§ 160.10) and attempted burglary in the second degree (§§ 110.00, 140.25) are predicate violent felony offenses that satisfy the requirements to determine that defendant is a persistent violent felony offender (*see* § 70.08 [1] [a]), the record does not establish whether those convictions meet the criteria of section 70.08 (1) (b), and we therefore decline the People's request to modify defendant's designation. Thus, we reverse the order, grant the motion, vacate the sentence and remit the matter to County Court for resentencing. Present—Peradotto, J.P., Lindley, NeMoyer and Scudder, JJ.