People v Williams (2022 NY Slip Op 07265)

People v Williams

2022 NY Slip Op 07265

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

111694
[*1]The People of the State of New York, Respondent,
v
Alexander Williams, Appellant.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Edward S. Graves, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jennifer C. Manning of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Clinton County (Timothy J. Lawliss, J.), rendered September 29, 2017, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
Defendant was indicted and charged with criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. Defendant was assigned counsel at arraignment, counsel was given until July 14, 2017 to file motions and the matter was scheduled for a conference on June 28, 2017. On the date of the scheduled conference, defendant initially rejected the People's plea offer but, following a recess, defendant pleaded guilty — in full satisfaction of the indictment — to promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 2 to 4 years, with said sentence to run consecutively to the prison term he was already serving. The plea agreement also required defendant to waive his right to appeal. After defendant pleaded guilty, the matter was adjourned for sentencing.
When the parties appeared for sentencing, defense counsel (hereinafter first counsel) indicated that defendant wished to withdraw his plea. Defendant, through the presentence investigation report (hereinafter PSI), made statements alleging ineffective assistance by first counsel, judicial bias and racial profiling and called into question the voluntariness of his plea. Because defendant alleged that first counsel was ineffective, County Court adjourned sentencing for the purpose of appointing new counsel and affording defendant an opportunity to file a formal motion to withdraw. During the same appearance, the People averred that they had reviewed the PSI but still sought sentencing upon the negotiated disposition. County Court noted that it was considering imposing an enhanced sentence due to defendant's apparently inconsistent statements to the Probation Department, in contravention of the Hicks warnings previously administered. When the parties returned to court approximately one week later, newly-assigned defense counsel (hereinafter second counsel) confirmed that defendant still wished to file a motion to withdraw his plea. County Court issued a motion schedule and advised the parties that, if the motion were denied, it would conduct a hearing on the alleged Hicks violation immediately prior to sentencing.
Instead of filing a motion to withdraw defendant's plea pursuant to CPL 220.60 (3), second counsel moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h) based on generalized allegations, supported by his own "information and belief," that first counsel had failed to properly investigate the facts, interview witnesses, assess the strength of the People's case, file any motions or inform defendant of the consequences of pleading guilty. The People opposed the motion, noting that, inasmuch as defendant had yet to be sentenced[*2], a motion pursuant to CPL 440.10 was premature. In reply, second counsel agreed that the motion was premature, presented the same allegations and asked that County Court nonetheless exercise its discretion to permit defendant to withdraw his plea, prompting the People to oppose the motion on the merits. By order entered September 14, 2017, County Court denied defendant's CPL 440.10 motion to vacate the judgment of conviction as premature; alternatively, the court treated the motion as one to withdraw the plea and denied it, noting, among other things, that the motion was deficient as it was supported only by second counsel's affirmation.
At the start of the ensuing sentencing proceeding, County Court conducted a hearing with respect to whether defendant had violated the Hicks warnings. Upon reviewing defendant's verbatim statement to the Probation Department, wherein he maintained, among other things, that his plea had been coerced, that he had received ineffective assistance of counsel and that he was the victim of judicial bias, County Court found that defendant violated the Hicks warnings by providing statements to the Probation Department that were inconsistent with the sworn statements he made during the plea colloquy. As a result, County Court imposed an enhanced sentence of 3 to 6 years to be served consecutively to the prison term that defendant was then serving. This appeal from the judgment of conviction ensued.
Preliminarily, we agree that defendant's waiver of the right to appeal is invalid. The written waiver of appeal executed by defendant, which County Court did not ascertain that defendant read or understood (see People v Ellithorpe, 207 AD3d 1001, 1001-1002 [3d Dept 2022]), purported to waive defendant's right to appeal, "as well as all post-conviction remedies," and County Court's brief oral explanation of the waiver was insufficient to demonstrate that defendant understood "that some appellate review survived" (People v Williams, 202 AD3d 1162, 1163 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 954 [2022]).
Defendant challenges the voluntariness of his plea — a claim predicated upon, among other things, first counsel's alleged coercion and second counsel's failure to file a proper motion to withdraw defendant's plea. Although second counsel mischaracterized his motion as one to vacate the judgment of conviction pursuant to CPL 440.10 — instead of one to withdraw defendant's plea pursuant to CPL 220.60 (3) — we note that defendant twice apprised County Court of his desire to withdraw his plea. Thus, as any deficit in preservation "is attributable to the deficiencies of defendant's [second] counsel," we excuse the lack of preservation and address the argument (People v Barnes, 177 AD3d 1168, 1169 [3d Dept 2019]; see People v Lilliard, 206 AD3d 1241, 1243-1244 [3d Dept 2022]; see also People v McKinney, 122 AD3d 1083, 1084 [3d Dept 2014], lv denied 25 NY3d 1167 [2015]).
Due to second counsel's [*3]faulty motion practice, the record before us is insufficient to review defendant's allegations regarding first counsel's conduct. Although second counsel's mischaracterization of the subject motion does not, in and of itself, constitute ineffective assistance of counsel (see People v Tracy, 77 AD3d 1402, 1403 [4th Dept 2010], lv denied 16 NY3d 746 [2011]), the motion was defective in other ways. Specifically, despite County Court granting second counsel two weeks to prepare a motion to withdraw defendant's plea, he filed the motion in one day. In rushing his submission, second counsel failed to support the motion with affidavits from either defendant or first counsel, and he failed to incorporate any of the allegations that defendant made through the PSI; rather, second counsel opted to rely, exclusively, on his own "information and belief" and submitted a general, pro forma motion that was facially deficient. Under these circumstances, we find that second counsel failed to provide defendant with meaningful representation, and we vacate the sentence and remit the matter to allow defendant, with the assistance of new counsel, an opportunity to either move to withdraw his guilty plea or to proceed with sentencing (see People v Ruffins, 6 AD3d 1153, 1155 [4th Dept 2004], lv denied 3 NY3d 662 [2004]; see generally People v Maldonado, 183 AD3d 1129, 1131 [3d Dept 2020]). After reviewing the record and the allegations contained therein, we also deem it appropriate to remand this matter to a different judge. In light of this finding, defendant's remaining arguments have been rendered academic.
Lynch, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter is remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision before a different judge; and, as so modified, affirmed.